IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARNELL W. MOON,

    Plaintiff,

vs.

CHARLES SAMUELS, JR., *et al.*,

    Defendants.

Case No. 15-cv-00861-JPG-SCW

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Revoke Plaintiff's IFP[1] Status and to Stay this matter pending plaintiff's payment of the filing fee (Doc. 74). The Court enter an Order to Show Cause (Doc. 75) on February 29, 2016, directing the plaintiff to respond to Defendants' Motion to Revoke IFP status and also to show cause why this matter should not be dismissed with prejudice for plaintiff's failure to include his full litigation history in his complaint. Plaintiff was directed to respond to the show cause order on or before March 28, 2016 and failed to do so.

A bit of plaintiff's litigation history is required before proceeding. The plaintiff is an experienced *pro se* litigator having filed over 60 federal actions while incarcerated between 2008 and 2014[2]. He has "three strikes[3]" under the Prison Litigation Reform Act for filing three or

---

[1] *In forma pauperis*.
[2] The Court may take judicial notice of other federal proceedings if the proceedings related to the matter at bar. *See Green v. Warden, U.S. Penitentiary*, 699 F.2d 364 (7th Cr. 1983).
[3] *See Moon v. National Asset Recovery Services, Inc.*, No. 4:09-cv-00117-DDN (E.D. Mo. Feb. 2, 2009); *Moon v. United States of America,* No. 1:09-cv-0006-RWS (E.D. Mo. Feb. 3, 2009); and *Moon v. National Asset Recovery Services, Inc.*, No. 4;09-cv-01129-DDN (E.D. Mo. July 28, 2009). Section 1915(g) provides that a prisoner shall not be granted pauper status if he has had three prior lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury.

more lawsuits that were frivolous and/or failed to state a claim. Upon his release and while on supervised release, the Plaintiff continued his relentless litigation endeavors and filed 17 lawsuits in federal court – including six suits[4] filed here in the Southern District of Illinois. He was permitted to so because individuals on supervised release are not subject to the Prison Litigation Reform Act's three strikes provision and a prisoner's status is determined, "on the date the suit or appeal is 'brought' rather than at some other time." *See Kerr v. Pucket*t, 138 F.3d 321, 323 (7th Cir. 1998). The Court notes that the Plaintiff is once again incarcerated[5].

The plaintiff filed his complaint (Doc. 1) and Motion and Affidavit to proceed in District Court without Prepaying Fees or Costs (Doc. 2) in the case at bar on August 5, 2015. Plaintiff's IFP motion indicated that he had no employment, no income, no saving or checking accounts, or any other source of income. The affidavit was signed by the plaintiff under the declaration, "I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims." As such, the Court granted the plaintiff's IFP motion on September 17, 2015.

28 U.S.C. § 1914(2) provides that: "Not withstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that ---(A) the allegation of poverty is untrue." (emphasis added.)

The defendant's motion indicates that the plaintiff, "had been employed for a least some period of time between July 27, 2015 and December 20, 2015" and that upon his recent arrest, had over $3,000.00 in cash hidden in a drop ceiling. (Doc. 74.) Plaintiff further declared – a few

---

[4] *Moon v. Samuels, Jr., et al.*, 3:15-cv-00861-JPG-SCW (S.D. IL); *Moon v. Samuels, Jr.*, et al., 3:15-cv-00876-MJR-SCW (S.D. Il. 2016); *Moon v. Walton, et al.*, 3:15-cv-00889-JPG-SCW (S.D. IL); *Moon v. Rivas, et a*l., 3:15-cv-00890-JPG-DGW (S.D. Il. 2016); *Moon v. Rivas, et al.*, 3:15-cv-00891-SMY-PMF (S.D. Il); and *Moon v. Garcia, et al.*, 3:15-cv-00921-SMY-PMF (S.D. Il).

[5] Terre Haute Federal Correctional institution, Terre haute, IN, Register #34077-44, release date 12/20/2016.

months prior to filing his IFP motion in his criminal case– that he had fled to Ohio for work and was sending money to individuals who lived in the Gaza Strip. Further, in his criminal matter, he requested leave to travel to the Middle East and stated he had the funds to permit him to stay for several months. (Doc. 74). None of this was reflected in his IFP motion.

The Court may, in its discretion, construe a party's failure to file a timely response as an admission of the merits of the motion. Local Rule 7.1(c). The plaintiff has failed to respond to the defendants' motion after ample opportunity and an Order to Show Cause. As such, the Court will construe the plaintiff's failure to response as an admission of the merits and grant the defendant's motion to revoke plaintiff's IFP status. Further, having determined that the allegation of poverty is untrue, 28 U.S.C. § 1914(2) requires the Court to dismiss this case.

The next issue before the Court is whether the dismissal should be with or without prejudice. As stated above, the Order to Show Cause issued by this Court directed the plaintiff to respond to the defendant's motion and also to show cause why this matter should not be dismissed with prejudice for plaintiff's failure to include his full litigation history in his complaint.

The plaintiff's complaint was filed on standard *pro se* civil rights complaint (non-prisoner) form. Section III of the complaint form states, "A. Have you begun any other lawsuits in this federal court?" Plaintiff marked, "No." However, he was a plaintiff or petitioner in eight other actions in this court prior to filing the complaint at bar and on the date he filed this complaint, he filed simultaneously another other suit in this Court. Therefore, plaintiff omitted material information from his complaint and is subject to sanctions.

As a sanction, the Court's dismissal will be with prejudice. The Court has considered lesser sanctions, but given that the plaintiff is once again incarcerated, it is not likely that

monetary sanctions would be an effective deterrent.  The Honorable Chief Judge Regan has placed the plaintiff on a restricted filing status[6] requiring that he pay all outstanding filing fees prior to filing any further litigation in this Court, so a filing penalty has already been imposed.  As such, dismissal of this action is required for the plaintiff misrepresenting his financial status and with prejudice is the only appropriate sanction for fraudulently omitting his litigation history on his complaint.

Based on the foregoing, Defendants' Motion to Revoke Plaintiff's IFP Status and to Stay this matter pending plaintiff's payment of the filing fee (Doc. 74) is **GRANTED** in part.  Plaintiff's IFP status is **REVOKED** and plaintiff is required to pay the full filing fees with regard to this case.  Further, this matter is **DISMISSED** with prejudice and defendants are awarded costs.  Finally, plaintiff has a pending Motion for Copy of Docket Sheet (Doc. 88) which is **DENIED.**  The Court has expended enough resources with regard to this suit and this plaintiff.  Copies of the docket and/or documents can be obtained from the East St. Louis Clerk of Court's Office at .50 cents per page.

**IT IS SO ORDERED.**

**DATED:**  6/22/2016

                                         *s/J. Phil Gilbert*
                                         **J. PHIL GILBERT**
                                         **DISTRICT JUDGE**

---

[6] *Moon v. Dodrill, et al.*, 3:15-cv-00876-MJR-SCW, (S.D. Il 2016); Memorandum and Order of 5/13/2016 (Doc. 68).